IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHAD BRANDON SMITH,            )
                              )
            Petitioner,        )
                              )
      v.                       )        Civil Action No. 2:10cv553-WKW
                              )                  (WO)
UNITED STATES OF AMERICA,      )
                              )
            Respondent.        )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a motion under 28 U.S.C. § 2255 to vacate, set aside,

or correct sentence filed by federal inmate Chad Brandon Smith ("Smith").

## I.   BACKGROUND[1]

In October 2007, Smith was indicted for violating 18 U.S.C. §§ 2243(a) and 2246(2)

as follows:  "On or about June 17, 2006, at Gunter Air Force Base, . . . [Smith] did

knowingly engage in a sexual act with a minor, who had attained the age of 12 years but

who had not attained the age of 16 years, and who was at least four years younger than

[Smith], and attempted to engage in a sexual act with the minor."  Ex. A.[2]  On January 23,

2008, Smith appeared with counsel before the undersigned magistrate judge and pled guilty

---

[1] Much of the recitation of facts contained in this part of the court's Recommendation is taken verbatim from the Eleventh Circuit's unpublished opinion affirming Smith's conviction and sentence.  *See United States v. Smith*, 336 F. App'x 978, 979-81 (11th Cir. 2009).

[2] References to exhibits ("Ex.") are to exhibits filed by the Government with its answer. Document numbers are those assigned by the Clerk in the instant civil action or, where applicable, in Smith's criminal proceedings.  Page references in the pleadings are to those assigned by CM/ECF.

to the charges in the indictment.  At the change of plea hearing, Smith averred that he had

received a copy of the indictment and discussed the case fully with his counsel.  Ex. B at 3-4.

Smith also testified that his counsel had answered any questions Smith had about the case

and that he was fully satisfied with his counsel's representation and advice.  *Id*. at 4.

Furthermore, Smith affirmed that he was pleading guilty of his own free will because he was

in fact guilty.  *Id*. at 5.

The magistrate judge then asked the Government to state the elements of the charge.

*Id*. at 8.  Among the elements listed by the prosecutor were that the defendant engaged in

a sexual act with a minor as charged in the indictment and that the defendant did so

knowingly.  *Id*. at 9.  Smith's counsel, Michael J. Petersen, then proceeded to lay a factual

basis for the charge as follows:

> MR. PETERSEN:  Mr. Smith, on or about the seventeenth of June did
> you knowingly have sex with a minor, to wit someone who was under the age
> of sixteen but older than the age of twelve?
>
> (Whereupon, Mr. Petersen conferred with the defendant off the record
> and out of the hearing of the other courtroom participants.)
>
> MR. PETERSEN:  Your Honor, may I have a moment with my client?
>
> THE COURT:  You may.
>
> MR. PETERSEN:  Your Honor, we're ready to proceed.
>
> THE COURT:  We were talking about the elements.
>
> MR. PETERSEN:  Yes, Your Honor.  Mr. Smith, the minor female that
> we were discussing just a moment ago, did you subsequently learn that she
> was between the age of twelve and sixteen years old?

2

[SMITH]: Yes, sir.

MR. PETERSEN:   Were you at least four years older than that individual?

[SMITH]:  Yes, sir.

MR. PETERSEN:  At the time you either had engaged in a sexual act with her or attempted to engage in a sexual act with her?

[SMITH]:  Yes, sir.

MR. PETERSEN:  Your Honor, I believe that meets the elements of the offense.

*Id*. at 9-10.

Seeking to clarify Smith's knowledge of the minor's age, the prosecutor then asked Smith whether the minor had told him when they met that she was about to turn sixteen.  *Id*. at 10.  Smith responded, "No, ma'am."  *Id*. at 11.  Smith also denied ever having a conversation with the minor's mother.  *Id*.  The Government then proffered that the evidence would show that the minor told Smith she was about to be sixteen, and that the minor's mother warned Smith not to call the minor because she was not of age.  *Id*. at 12.  The magistrate judge indicated that he would not accept the guilty plea if Smith was claiming that he did not know the minor was under sixteen at the time they had sexual relations.  *Id*.  A recess was taken to allow Smith's counsel to discuss this issue with Smith and Kevin L.

Butler, another attorney representing Smith in the case.[3]  *Id*. at 12-13.

After the plea hearing resumed, the following colloquy occurred:

MR. PETERSEN:  Your Honor, if I may proceed with the questioning of my client?

THE COURT:  Please.

MR. PETERSEN:  Mr. Smith, were you aware that the minor female – or the female that you engaged in a sexual act with was sixteen years – had not yet turned sixteen?

[SMITH]:  Yes, sir.

MR. PETERSEN:  Were you, at least at that time, four years older than she?

[SMITH]:  Yes, sir.

MR. PETERSEN:  At the time of the sexual act, how old were you? If you remember.

[SMITH]:  Twenty-five or twenty-six.

MR. PETERSEN:  Your Honor, I believe that establishes the knowingly component of the elements of the offense.

[PROSECUTOR]:  Your Honor, the Government is satisfied that it does satisfy the knowing component.  The Government would ask the Court to reaffirm that he's entering this plea voluntarily and on his own.

*Id*. at 13.

---

[3] Both Butler and Petersen were employed by the Federal Defender's Office for the Middle District of Alabama when representing Smith.  Butler began his representation of Smith shortly after Smith's arraignment.  While Butler was on paternity leave, Smith's case was reassigned within the Federal Defender's Office.

4

Upon further questioning, Smith reiterated that he understood his right to a trial and that he was entering his plea voluntarily and knowingly. *Id*. at 14. The magistrate judge found that Smith was aware of the nature of the charges and consequences of the guilty plea. *Id*. The judge further found that the guilty plea was supported by an independent factual basis for each of the offense's essential elements. *Id*. Accordingly, the magistrate judge accepted Smith's guilty plea. *Id*.

On April 7, 2008, Smith, through new counsel, Donnie W. Bethel,[4] moved to withdraw his guilty plea. In his motion to withdraw his guilty plea, Smith argued that his admission at the plea hearing about his knowledge of the female's age "was, at best, ambiguous as to *when* he found out that she was less than sixteen years of age." Ex. C at 2 (emphasis in original). On April 24, 2008, the district court entered an order denying Smith's motion, finding his assertion "that he did not admit to knowing the minor's age at the time of the sexual act is not credible under the totality of the circumstances." Ex D. at 3. Additionally, the court found that Smith was represented by three attorneys from the Federal Defender's Office and enjoyed the close assistance of counsel. *Id*. at 5-6. The court further found that Smith's guilty plea was knowing and voluntary. *Id*. at 6. In addition, the court found that the expenditure of judicial resources in preparation for Smith's sentencing hearing weighed against a withdrawal, especially given that Smith waited three months to

---

[4] Bethel, like Petersen and Butler, was employed by the Federal Defender's Office when representing Smith.

withdraw his plea and filed his motion only eleven days before his scheduled sentencing hearing date. *Id*. at 6-7. Finally, the court found that the Government would suffer prejudice because it had released witnesses, including some in the military, who might not be available for trial anymore. *Id*. at 7.

A sentencing hearing commenced on August 13, 2008, and was continued to September 29, 2008. *See* Case No. 2:07cr247-WKW, Doc. No. 64; *see also* Ex. E. Smith was represented by new counsel, Everett M. Urech, at sentencing.[5] Because Smith was convicted of a sex crime and had previously sustained at least one sex offense conviction, the district court found that Smith qualified for a guideline enhancement under U.S.S.G. § 4B1.5 for repeat and dangerous sex offenders against minors. *See* U.S.S.G. § 4B1.5. Ex. E at 4-6. Smith's criminal history category of V combined with his total offense level of 34 yielded a guideline sentencing range of 235 to 293 months. *Id*. at 8. The district court then allowed Smith and his counsel, Urech, to present any mitigating factors. Urech suggested that Smith was not a sexual predator of young children because the females involved in his prior state case and the instant case were both fifteen-year-olds. *Id*. at 8-9. Smith spoke on his own behalf and alleged that the reason he wanted to withdraw his guilty plea was "because my first attorney told me – when I stated to him that this girl told me she was older

---

[5] The district court appointed Urech to represent Smith after permitting the Federal Defender's Office to withdraw from further representation.

6

than what she was, he told me that that was not a defense and it did not matter."[6]  *Id*. at 9.

Smith then maintained that he did not know at the time he pled guilty that a lack of

knowledge of the minor's age was a defense under federal law.  *Id*.  After considering the

18 U.S.C. § 3553(a) factors, the district court varied downward from the guidelines and

sentenced Smith to 108 months of imprisonment.  *Id*. at 16-18.

Smith appealed to the Eleventh Circuit Court of Appeals, raising two claims:  (1) that

the district court erred by not allowing him to withdraw his guilty plea based on his assertion

at the sentencing hearing that his attorney had misled him regarding a possible defense based

on his belief about the minor female's age; and (2) that the district court erred in sentencing

him as a repeat and dangerous sex offender under U.S.S.G. § 4B1.5.  On July 17, 2009, the

Eleventh Circuit affirmed Smith's conviction and sentence.  *See United States v. Smith*, 336

F. App'x 978 (11th Cir. 2009) (unpublished).  Smith did not petition the United States

Supreme Court for a writ of certiorari.

On June 28, 2010, Smith, proceeding *pro se*, filed this § 2255 motion, asserting the

following claims:

> 1.    Attorney Kevin L. Butler rendered ineffective assistance of
>        counsel by failing to inform Smith that federal law provided an
>        affirmative defense to the charged crime if Smith reasonably
>        believed that the minor had attained the age of sixteen.

---

[6] Smith did not call his prior attorneys or any other witnesses to testify regarding this
allegation.

2.    Attorney Donnie W. Bethel rendered ineffective assistance of counsel by failing to properly explain to the district court Smith's justification for seeking to withdraw his guilty plea and by failing to consult with Smith on the arguments presented in the motion to withdraw his guilty plea.

3.    Attorney Everett M. Urech rendered ineffective assistance of counsel at sentencing and on appeal by failing to raise arguments concerning the promulgation of U.S.S.G. § 4B1.5 that would have exempted Smith's prior state misdemeanor conviction for sexual misconduct from being used to apply the § 4B1.5 enhancement.

*See* Doc. Nos. 1 & 2.

The Government argues that Smith's claims are unsupported by the record and fail to establish deficient performance by counsel and resulting prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. No. 13. After due consideration of Smith's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.   DISCUSSION

### A.    Ineffective Assistance of Counsel Principles

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under *Strickland*'s two-part test, a petitioner must demonstrate (1)

that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Darden v. Wainwright*, 477 U.S. 168, 184 (1986) (internal quotation marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id.* (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id.*

As noted above, the prejudice component of *Strickland* requires a petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)

9

("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id.* at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish . . . that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker . . . . Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

**B.    Smith's Claims of Ineffective Assistance**

   *1.    Butler's Failure to Advise Smith Regarding Affirmative Defense*

Smith contends that his attorney Kevin L. Butler rendered ineffective assistance of

counsel prior to entry of his guilty plea by failing to inform him that federal law provided an affirmative defense to the charged crime if he reasonably believed that the minor with whom he engaged in sexual relations had attained the age of sixteen.  Doc. No. 1 at 3-6; Doc. No. 2 at 4.

In a prosecution under 18 U.S.C. § 2243(a), the government is not required to prove that the defendant knew the age of the other person engaging in the sexual act.  *See* 18 U.S.C. § 2243(d).  However, "it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the other person had attained the age of 16 years."  18 U.S.C. § 2243(c)(1).  Smith suggests that if he had known of the availability of this defense, he would not have pled guilty.  Doc. No. 1 at 6. In this regard, Smith maintains that he lied at the change of plea hearing when testifying that he knew the minor female was under the age of sixteen, because Butler had previously advised him that his belief about the minor's age was not a defense to the charges against him.  *Id*. at 3-4.  Smith claims that he told Butler that the minor female had lied to him about her age and that Butler responded, "It doesn't matter, you don't have a defense."[7]  *Id*. at 3.

_____

[7] Butler filed an affidavit with this court responding to Smith's allegations, in pertinent part, as follows:

> 3.    Mr. Smith asserts that as a result of my failure to investigate his case and question witnesses I misled him into believing there were no defenses to his case and erroneously counseled him to enter a plea of guilty.  I respectfully disagree.

(continued...)

According to Smith, if he had been correctly advised about the possibility of the defense, he

---

[7](...continued)

4.      Mr. Smith was charged with knowingly engaging in a sexual act with a minor between 12-14 years of age and who was at least four years younger than Mr. Smith.  At the time of the charged conduct, Mr. Smith was 25 and the minor female 15.

5.      After receiving the discovery, I met with Mr. Smith multiple times to discuss the case and the status of my investigation.  During these meetings, I informed Mr. Smith there was compelling evidence of sexual conduct between Mr. Smith and the minor.  There were questions regarding his knowledge.  However, of particular concern was 404(b) discovery indicating that in 2005 at the age of 23, Mr. Smith engaged in the almost identical conduct with another minor female.  If introduced at trial this could show knowledge, absence of mistake, and plan.  Mr. Smith did not inform undersigned counsel that the minor lied about her age and/or that there was a person(s) who witnessed the lie.  Therefore, after thoroughly discussing the case, the charges and the potential penalties with Mr. Smith, I advised Mr. Smith I did not believe it was in his best interest to proceed to trial.  Mr. Smith agreed and informed counsel he wished to enter a plea of guilty.  I then advised him of the plea colloquy that would be given.

6.      While undersigned counsel was on paternity leave, the case was reassigned within the Federal Defender Office.  Notice of intent to change plea was then filed.

7.      During a recess at his change of plea hearing, undersigned counsel received a phone call from attorney Michael Peterson.  Mr. Peterson placed Mr. Smith on the phone.  During this call I reiterated my advice to Smith.  At the conclusion of the call, Mr. Smith informed me that he wished to enter a plea of guilty and would proceed forward with the change of plea hearing.

Doc. No. 6 at 2-3.

"would have told the truth and had a chance at a fair trial."[8]  *Id*. at 6.

Smith's argument was considered and rejected by the Eleventh Circuit in his direct appeal; the appellate court stated:

> The district judge also correctly found that Smith's plea was knowing and voluntary.  Smith alleges that he did not know that his lack of knowledge of the minor's true age could be a defense to the charge because his attorney told him that his knowledge was irrelevant.  Smith's assertion is belied by his statements at his plea hearing.
>
> The issue of Smith's knowledge of the minor's age was a key issue at that hearing.  The magistrate judge made clear that he would not accept a guilty plea unless Smith admitted that he knew the female was under sixteen at the time they had sex.  The judge even permitted Smith time to confer with his attorneys on this issue.  Following a recess, Smith acknowledged that he was aware that the minor female he had sex with had not yet turned sixteen.  We agree with the district court that "[w]ithin the context of the colloquy, it is clear his attorney was referencing the time of the sexual act when he used the past tense."  The district court therefore correctly discredited Smith's current claim that he did not know the female was less than sixteen years old at the time they had sexual relations.
>
> Moreover, Smith has failed to show that his counsel's performance in this matter was inadequate or prejudicial.  As with any ineffective assistance of counsel claim, the burden was on Smith to prove that his counsel's performance was deficient.  *See Strickland* [*v. Washington*], 466 U.S. [668,] at 687, 104 S.Ct. at 2064 [(1984)].  The record does not contain any testimony from Smith's prior attorneys who represented him on the guilty plea.  "[W]here the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment."  *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc) (quotation marks and citation

---

[8] Thus, Smith is seeking to have his guilty plea set aside and to proceed to trial based on his present contention that he lied at the change of plea hearing about a matter the magistrate judge *expressly* stated at the hearing was essential to the entry and acceptance of his plea.  *See* Ex. B at 12.

13

omitted). Smith's unsubstantiated allegation, made nine months after he pled guilty, that his attorney misled him is insufficient to rebut the strong presumption that counsel rendered adequate assistance. Even if we were to assume that counsel acted unprofessionally, Smith has failed to establish any prejudice. As noted, Smith admitted at the plea hearing that he knew the minor was under the age of sixteen at the time he had sexual relations with her. The government's proffer also indicated that the minor told Smith that she was under sixteen when they met, as did the minor's mother. Given these factors, it is unlikely this defense would have prevailed at trial. In other words, Smith cannot show any prejudice from his attorney's alleged error. *See Hill* [*v. Lockhart*], 474 U.S. [52,] at 59, 106 S.Ct. at 371 [(1985)]. The record thus supports the district court's finding that Smith entered a knowing and voluntary plea.

*United States v. Smith*, 336 F. App'x 978, 982-83 (11th Cir. 2009) (footnote and internal citation omitted).

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255.[9] *See Nyhuis*, 211 F.3d at 1343. It is beyond the purview of this court to review rulings by the Court of Appeals. *See Butcher v. United States*, 368 F.3d 1290, 1299-1300 (11th Cir. 2004) (district court may not grant § 2255 relief that is inconsistent with law of the case established by the appellate court's decision). The law-of-the-case doctrine "bars relitigation of issues that were decided, either

---

[9] "A rejected claim does not merit rehearing on a different, but previously available, legal theory." *See Nyhuis*, 211 F.3d at 1343.

explicitly or by necessary implication, in an earlier appeal of the same case." *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005).

In light of the Eleventh Circuit's explicit finding that Smith failed to demonstrate that his counsel's performance with regard to his "lack of knowledge" defense was inadequate or prejudicial, *see* 336 F. App'x at 983, this court must reject Smith's present claim that Butler rendered ineffective assistance of counsel in this regard prior to entry of the guilty plea. The issue has been decided by the Eleventh Circuit. This court further notes, as the Eleventh Circuit did in Smith's appeal, that Smith admitted at the change of plea hearing that he knew the minor was under the age of sixteen at the time he had sexual relations with her. "There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). A defendant's representations regarding the voluntary nature of his plea "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In any event, because Smith's present argument was decidedly adversely to him in his direct appeal, this court will not reconsider his claim. Smith is not entitled to collateral relief based on this claim of ineffective assistance of counsel.

### 2. *Bethel's Failure to Explain Justification for Motion to*

15

***Withdraw Guilty Plea and to Consult Smith Regarding
Supporting Arguments***

Smith contends that attorney Donnie W. Bethel rendered ineffective assistance of
counsel by failing to properly explain to the district court Smith's justification for seeking
to withdraw his guilty plea, which, according to Smith, was that he intended to present
evidence of an affirmative defense.[10]  Doc. No. 1 at 10-12; Doc. No. 2 at 7.  Smith further
asserts that Bethel was ineffective for failing to consult with him on the arguments presented
in the motion to withdraw the plea.  *Id*.  According to Smith, Bethel merely "went through
the motions" in arguing the motion to withdraw the plea.  Doc. No. 2 at 7.

Responding to this allegation in an affidavit filed with this court, Bethel states, in
pertinent part:

> 2.    Petitioner alleges four grounds for relief.  The only ground that
> pertains to me is Ground Three, in which Petitioner alleges that
> I failed to consider the information that Petitioner provided to
> me when I drafted the Motion to Withdraw Guilty Plea, and that
> I asserted only a basis for the withdrawal of his plea that would
> be quick and easy and would be summarily denied, all of which
> led to a denial of the Motion to Withdraw the Guilty Plea.
>
> 3.    In the Motion, I asserted the reason that I believed would give
> Mr. Smith the best chance of persuading the court to allow him
> to withdraw the guilty plea.  I duly considered Petitioner's
> input;  doing  what  was  quick  and  easy  was  never  a

_____

[10] The ground stated in the motion to withdraw the guilty plea filed by Bethel was that
Smith's admission at the plea hearing about his knowledge of the minor female's age "was, at best,
ambiguous as to *when* he found out that she was less than sixteen years of age."  Ex. C at 2
(emphasis in original).

consideration.

Doc. No. 5 at 1-2.

As the Government observes in its answer, Smith's allegation that Butler misadvised him about the possibility of an affirmative defense was presented to the district court at sentencing:

> [SMITH]: I do want to say, Your Honor, that it should have never got to this point.  And the reason why I tried to withdraw my plea is because my first attorney told me – when I stated to him that this girl told me she was older than what she was, he told me that that was not a defense and it did not matter.  And I understand that it's not a defense under state law.  I didn't know at the time that it was a defense under federal law.  And this girl did tell me that she was older than 15, which is why I tried to withdraw my plea.

Ex. E at 9.  The district court rejected this claim.  Smith presented this same claim on direct appeal.  The Eleventh Circuit considered the claim and rejected it as a basis for allowing Smith to withdraw his guilty plea.  *See* 336 F. App'x at 982.  Where both the district court (at sentencing) and the Eleventh Circuit considered Smith's claim that Butler misadvised him about the possibility of an affirmative defense and rejected it as a basis for allowing Smith to withdraw his guilty plea, Smith cannot show that he was prejudiced by Bethel's failure to include this allegation in Smith's motion to withdraw his plea.  Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry – deficient performance and prejudice – relief should be denied on a claim of ineffective assistance of counsel.  *Strickland*, 466 U.S. at 687.  Therefore, Smith is not entitled to any relief based on this claim of ineffective assistance of counsel.

17

**3.     Urech's Failure to Raise Arguments Concerning Promulgation of U.S.S.G. § 4B1.5**

Smith contends that attorney Everett M. Urech rendered ineffective assistance of counsel at sentencing and on appeal by failing to raise certain arguments concerning the promulgation of U.S.S.G. § 4B1.5 that he says would have exempted his prior state misdemeanor conviction for sexual misconduct from being used to apply the § 4B1.5 enhancement.  Doc. No. 1 at 13-18; Doc. No. 2 at 5 & 8.

Section § 4B1.5 of the sentencing guidelines provides that any defendant convicted of a covered sex crime who has previously sustained at least one "sex offense conviction" is subject to an enhanced offense level and criminal history category.[11]  *See* U.S.S.G. § 4B1.5.  The district court found that Smith qualified for the § 4B1.5 enhancement based on his prior misdemeanor conviction in Alabama for sexual misconduct in violation of § 13A-6-65, Ala. Code 1975.  Ex. E at 4-6.  A "sex offense conviction" is defined in the repeat offender enhancement statutes of 18 U.S.C. § 2426(b) and 18 U.S.C. § 2247(b).  *See* U.S.S.G. § 4B1.5 at comment. (n.3(A)(ii)) (defining "sex offense conviction" as "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor"); 18 U.S.C. § 2247(b) ("In this section, the term 'prior sex offense conviction' has the meaning given that term in section 2426(b).").  Pursuant to § 2426(b)(1), a "prior sex

_____

[11] Smith's instant conviction under Chapter 109A, 18 U.S.C. § 2243(a), is a covered sex crime for purposes of § 4B1.5. comment. (n.2)

offense conviction" includes a state conviction "consisting of conduct that would have been an offense" under Chapters 117, 109A, or 110 of Title 18 of the United States Code, or 18 U.S.C. § 1591, if it had been committed in a federal jurisdiction. 18 U.S.C. § 2426(b)(1)(B).

At sentencing, and on appeal, Urech argued that the § 4B1.5 enhancement was incorrectly applied to Smith because the district court looked behind Smith's prior judgment of conviction, to Smith's underlying conduct, in order to find that the prior conviction qualified as a prior "sex offense conviction" for purposes of triggering the § 4B1.5 enhancement. Both the district court and the Eleventh Circuit rejected this argument. The Eleventh Circuit specifically held that "[t]he district court . . . correctly looked beyond the judgment of Smith's prior state conviction to determine that he qualified for a sentencing enhancement under U.S.S.G. § 4B1.5."[12] *United States v. Smith*, 336 F. App'x 978, 985 (11th Cir. 2009).

Smith, however, maintains that Urech would have convinced the district court and Eleventh Circuit that his prior state conviction was exempt from being used to apply the § 4B1.5 enhancement if Urech had pointed to the "Reason for Amendment" section of the commentary to Amendment 615 of the sentencing guidelines, which states that "[t]he first tier, in § 4B1.5(a), aims to incapacitate repeat child sex offenders who have an instant offense of conviction of sexual abuse of a minor and a prior *felony* conviction for sexual

---

[12] Both the district court and the Eleventh Circuit considered the sentencing guidelines commentary in determining that Smith's sentence was correctly enhanced under § 4B1.5.

19

abuse of a minor[.]" *See* U.S.S.G. App. C, amend. 615 (Nov. 1, 2001) (emphasis added).

Doc. No. 1 at 13-18. According to Smith, because his prior conviction for sexual

misconduct in violation of § 13A-6-65, Ala. Code 1977, was a misdemeanor, it was not a

qualifying sex offense conviction for purposes of applying the § 4B1.5 enhancement. *Id*.

Smith maintains that Urech's failure to cite the language in the "Reason for Amendment"

section of the commentary to Amendment 615 in support of this argument resulted in his

receiving a sentence longer than he otherwise would have received. *Id*.

> As the Government states in its response to Smith's present claim:

>> Smith's reliance on the phrase "prior felony conviction" in the commentary to Amendment 615 is misplaced. Viewed in context, the commentary is not nearly as restrictive as Smith assumes. All it purports to do is state the "aim" of the section, not define the scope of the section's reach. Indeed, if Smith's reading were correct, both the instant offense of conviction and the qualifying prior conviction would not only need to be felonies, but they would also need to be for the particular crime of "sexual abuse of a minor," which is codified in Chapter 109A of the United States Code (18 USC § 2243).

Doc. No. 13 at 13-14. Smith's interpretation of the scope of § 4B1.5 cannot be reconciled

with other parts of the commentary to Amendment 615. The "Background" section of the

commentary to the amendment states as follows:

> This guideline is intended to provide lengthy incarceration for offenders who commit *sex offenses against minors* and who present a continuing danger to the public. It applies to offenders whose instant offense of conviction is a sex offense committed against a minor victim. The relevant criminal provisions provide for increased statutory maximum penalties for repeat sex offenders and make those increased statutory maximum penalties available if the defendant previously was convicted of *any of several federal and state sex*

*offenses* (*see* 18 U.S.C. §§ 2247, 2426).  In addition, section 632 of Pub. L. 102-141 and section 505 of Pub. L. 105-314 directed the Commission to ensure lengthy incarceration for offenders who engage in a pattern of activity involving the sexual abuse *or exploitation of minors*.

U.S.S.G. App. C, amend. 615 (Nov. 1, 2001) (emphasis added).

Furthermore, § 4Bl.5 states that it applies "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime . . . and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction." U.S.S.G. 4B1.5(a).  Nothing in the definition of "sex offense conviction" limits its application to felonies.  The term "sex offense conviction" is defined in the commentary to include (with the exclusion of trafficking, receipt, or possession of child pornography) "any offense described in 18 U.S.C. § 2426(b)(l)(A) or (B), if the offense was perpetrated against a minor[.]"  § 4B1.5. comment. (n.3(A)(ii)).  Section 2426(b)(1) covers convictions for offenses under chapter 109A, chapter 110, chapter 117, or section 1591, as well as state law equivalents.  *See* 18 U.S.C. § 2426(b)(l).  These crimes include not only sexual abuse of a minor (*see* 18 U.S.C. §§ 2241, 2242, 2243 & 2244) but also a wide variety of other crimes, including sexual exploitation of minors (18 U.S.C. § 2251), coercion and enticement of minors (18 U.S.C. § 2422), transportation of minors (18 U.S.C. § 2423), and use of interstate facilities to transmit information about a minor (18 U.S.C. § 2425).  If Congress or the Sentencing Commission had intended § 4B1.5 to apply only to prior felony convictions, it would have included that provision in § 2426.  However, the definition of "sex offense

conviction" in both the U.S. Code and the sentencing guidelines is clearly broad enough to cover state misdemeanor convictions like Smith's.

For the reasons stated above, Urech was not ineffective, either at sentencing or on appeal, for failing to present the argument now urged by Smith in support of his claim that a misdemeanor conviction cannot be prior "sex offense conviction" for purposes of the § 4B1.5 enhancement.  Smith is not entitled to any relief based on this claim.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion filed by Smith be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before August 24, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 10th day of August, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

23